UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EVELYN M. BROCK AND WILLIAM R. BROCK,

                    Plaintiffs,

                    DECISION AND ORDER

-vs-

                    03-CV-6358 CJS

HARLEY-DAVIDSON, INC AND
HARLEY-DAVIDSON MOTOR COMPANY,
                    Defendant.
_____

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Christopher S. Ciaccio, Esq. |
| | 30 W. Broad Street Suite 400 |
| | Rochester, NY 14614 |
| | (585) 262-2740 |
| For Defendant: | Joseph L. Mooney, Esq. |
| | Peter L. Powers, Esq. |
| | Cheryl A. Possenti, Esq. |
| | Neil A. Goldberg, Esq. |
| | Goldberg Segalla LLP |
| | 665 Main Street Suite 400 |
| | Buffalo, NY 14203 |
| | (716) 566-5400 |

**INTRODUCTION**

      This case is before the Court on defendant's motion (# 39) seeking an Order pursuant to Federal Rule of Evidence 702 precluding admission of testimony by plaintiff's liability expert, Dennis A. Toaspern ("Toaspern"), and granting summary judgment dismissing plaintiff's complaint. For the reasons that follow, the Court grants defendants' application for summary judgment.

## BACKGROUND

Plaintiff Evelyn M. Brock was injured in a motorcycle accident on August 11, 2001 near the intersection of Lake Avenue and Driving Park Boulevard in Rochester, New York. At the time of the accident, she was operating a Harley-Davidson 1996 model FXSTSB Softail Springer "Bad Boy" motorcycle, and she contends that a part failed causing the front wheel to lock up. Plaintiffs filed suit against defendants in State court, and defendants removed the case to this Court on July 29, 2003. Plaintiffs' complaint asserts claims in negligence, strict products liability, breach of warranty and a manufacturing defect, the last claim being added following Toaspern's deposition. Specifically, plaintiffs allege three causes of action:

> The Defendants,…, were careless and negligent in the manufacture, design, testing, and inspection of its motorcycles, and more particularly, the motorcycle used by the Plaintiff and other motorcycles manufactured by the defendant [sic] of similar make, model and design.
>
> The motorcycle manufactured and/or distributed by defendant . . . was defective.
>
> Defendants impliedly and/or expressly warranted to Plaintiffs that the motorcycle was of good workmanship and suitable for the purpose for which it was intended…. Defendants breached their implied and/or express warranty.

(Compl. ¶¶ 9, 12, 15 & 16.) Toaspern filed a report in which he concluded that Ms. Brock's accident was caused by the failure of a mounting bolt, referred to by the parties as a "pivot shaft." He further concluded that the pivot shaft failed prior to the accident, causing the front fender to rotate into the tire and lock up the front wheel.

Defendants argue in their Rule 702 application that Toaspern lacks the proper qualifications to be an expert in this matter and that he failed to utilize reliable methodology

in reaching his opinions. (Defs.' Mem. of Law at 3.) Specifically, defendants argue that Toaspern did nothing to establish what caused the pivot shaft to fracture, that his report does not assert a design or manufacturing defect, and that he does not propose an alternative design for the motorcycle's front fender assembly or its component parts. (*Id.* at 3-4.)

In their Statement of Disputed Facts, plaintiffs contend that Mr. Brock never disassembled or modified any portion of the front fender prior to the accident, and that neither he nor Anthony Cenzi[1] disassembled the right "dog bone" assembly and re-assembled it after the accident. Further, plaintiffs state that prior to the accident, Ms. Brock rode the motorcycle on Lake Avenue for about one mile while that road was under construction, and encountered an extremely rough ride.

## STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S

---

[1] Mr. Brock mentions Anthony Cenzi's name in his affidavit, ¶ 6, but never explains who Mr. Cenzi is. Defendant's experts are Thomas Proft and Larry J. Hejlik.

FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d

Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

***Expert Testimony***

Federal Rule of Evidence 702 provides as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2000). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court

established general, flexible guidelines, for determining the admissibility of scientific expert testimony. According to Justice Blackmun, Rule 702 of the Federal Rules requires the Trial Judge to act as a "gatekeeper" for such testimony, to assure that it truly proceeds from "scientific…knowledge" as required by the Rule. Essentially, this means that a Trial Judge must evaluate the proffered testimony to assure that it is at least minimally reliable; concerns about expert testimony cannot be simply referred to the jury as a question of weight.

Saltzburg, Martin & Capra, Federal Rules of Evidence Manual, § 702.02 (Matthew Bender

2001).

## DISCUSSION

Although defendants concede that Toaspern, plaintiff's expert, "may have owned a motorcycle dealership and attended certain accident reconstruction courses," they assert he is nevertheless unqualified to offer expert testimony in this case. (Defs.' Mem. of Law at 5.) Further, defendants argue that Toaspern's methodology fails to meet the standard under *Daubert*. They state that he did not review any literature or published materials concerning the motorcycle in question to assist him in the formation of his opinions. Additionally, defendant's state Toaspern did not establish what caused the pivot shaft to fracture, nor did he subject the fractured pivot shaft to a metallurgical analysis. Also, defendants indicate that Toaspern did not perform any tests or experiments of any kind related to his opinions in this case. (Defs.' Mem. of Law at 6.) Moreover, in their Reply, defendants point out that plaintiffs have not disputed any of defendants' arguments made pursuant to *Daubert*. Defendants then cite four cases in district courts in New York where the court has granted summary judgment after precluding an expert's testimony.

In addition to their substantive arguments, defendants quote the Local Rule[2] requiring opposing parties to file, *inter alia*, "an answering memorandum." (Def.s' Reply Mem. at 2-3.) Plaintiffs filed only a statement of facts and two affidavits in response to defendants' motion. At oral argument, plaintiffs' counsel explained that he did not file a

---

[2] Western District of New York Local Rule of Civil Procedure 7.1(e) provides as follows: "Absent leave of Court or as otherwise specified in this rule, upon any motion filed pursuant to Federal Rules of Civil Procedure 12, 56 or 65(a), the moving party shall file and serve with the motion papers a memorandum of law and an affidavit in support of the motion and the opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit. Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party."

memorandum of law because the only issues before the Court were factual ones.

After reviewing the submissions by both sides, the Court determines that defendants have met their burden to show that plaintiffs will be unable to prove any of their claims against defendants. As plaintiffs' counsel candidly conceded at oral argument, the record before the Court on this motion is devoid of any proof that the motorcycle on which Ms. Brock was injured was received in the defective condition asserted by plaintiffs in their complaint. Although plaintiffs clearly state they did not make any alterations to the motorcycle prior to the accident, no evidence shows that the motorcycle was improperly assembled at the factory, nor does any evidence establish that it was not altered in the distribution chain to plaintiffs. Even if the Court denied defendants' motion to preclude plaintiffs' expert's report and testimony, plaintiffs' evidence on this motion does not raise any question of fact precluding summary judgment. Consequently, the Court determines that defendants are entitled to judgment on their motion.

## CONCLUSION

Accordingly, defendant's motion (# 39) for summary judgment is granted and the complaint is dismissed. The motion *in limine* is denied as moot. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 15, 2006
      Rochester, New York

ENTER:    */s/ Charles J. Siragusa*
                                CHARLES J. SIRAGUSA
                                United States District Judge